## BURK v. STATE.

(Court of Criminal Appeals of Texas. Feb. 15, 1911.)

CRIMINAL LAW (§ 1094*) — APPEAL — STATE-MENT OF FACTS—NECESSITY.

Where the record on a criminal appeal contains no statement of facts or bill of exceptions, the judgment will be affirmed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2807, 3204; Dec. Dig. § 1094.*]

Appeal from Criminal District Court, Dallas County; Robert B. Seay, Judge.

Amos Burk was convicted of robbery, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. This conviction was for robbery; the punishment being assessed at 15 years' confinement in the penitentiary.

The record is before us without a statement of the facts or bills of exceptions. The only ground of the motion for new trial is based upon the statement that the verdict and judgment are contrary to law and the evidence. The record, as above stated, being before us without the facts adduced on the trial of the case, this alleged error cannot be reviewed.

The judgment is affirmed.

## SWITZER v. STATE.

(Court of Criminal Appeals of Texas. Feb. 8, 1911.)

CRIMINAL LAW (§ 1076*)—APPEAL AND ERROR —RECOGNIZANCE—SUFFICIENCY.

Where a recognizance on appeal from a judgment convicting defendant of violating the local option law did not recite that defendant was convicted of a misdemeanor, nor show the punishment assessed, it was insufficient to sustain the appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2711, 2712; Dec. Dig. § 1076.*]

Appeal from Potter County Court; W. M. Jeter, Judge.

Charles Switzer was convicted of violating the local option law, and he appeals. On motion to dismiss. Granted.

Cooper & Stanford and Cooper, Merrill & Lumpkin, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted in the county court of Potter county of violating the local option law, and his punishment assessed at a fine of $100 and 60 days' imprisonment in the county jail.

The Assistant Attorney General moves to dismiss the appeal herein, on the ground that the recognizance is not sufficient to give this court jurisdiction. An inspection of that part of the record discloses that the motion is well taken. The motion to dismiss is predicated on the ground that the recognizance herein does not recite, as the statute

requires, that appellant was convicted of a misdemeanor, nor does it recite the amount of his punishment. The form provided requires that this be stated, and we know of no authority to dispense with these requirements.

The motion of the Assistant Attorney General is accordingly sustained, and the appeal is dismissed.